# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ESTRADA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PHIPHER,<br><br>　　　　Respondent. | Case No. 1:22-cv-01090-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |

Petitioner Jaime Estrada is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition states that Petitioner's claims were not presented to the California Supreme Court because the California Supreme Court "refuse[d] to file the case due to los[s] of jurisdiction." (ECF No. 1 at 7.)[1] Attached to the petition is a copy of a letter from the California Supreme Court, which states:

> We hereby return unfiled your petition for review which we received on June 27, 2022. A check of the Court of Appeal docket shows that a dismissal order was filed on April 14, 2022. This court lost jurisdiction to act on any petition for review June 13, 2022. (See Cal. Rules of Court, rule 8.500(e).) Without this jurisdiction, this court is unable to consider your request for legal relief.

(ECF No. 1 at 28.) "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 39 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Thus, presenting a claim to the California Supreme Court in an untimely petition for review does not exhaust a claim. See Regennitter v. CSP-CORCORAN, No. 1:15-cv-00160-LJO-JLT, 2015 WL 2081814, at *3 (E.D. Cal. May 4, 2015) ("[T]he mere act of sending a procedurally defective set of claims to the California Supreme Court does not, for exhaustion purposes, constitute "fairly presenting" those claims to the state court.") (collecting cases)); Davis v. Adams, No. CV10-695-AHM(E), 2010 WL 1408290, at *2 (C.D. Cal. Mar. 3, 2010) ("Because the California Supreme Court rejected Petitioner's Petition for Review for filing as untimely, the present Petition is unexhausted.").

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has fairly presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims have been fairly presented to the California Supreme Court, and if

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 possible, provide the Court with a copy of the petition filed in the California Supreme Court that
2 includes the claims now presented and a file stamp showing that the petition was indeed filed in
3 the California Supreme Court.

4     In the event that Petitioner has not fairly presented his claims to the California Supreme
5 Court, Petitioner may withdraw the entire petition and return to federal court when he has finally
6 exhausted his state court remedies.[2] Additionally, Petitioner may move to stay and hold in
7 abeyance the petition while he exhausts his claims in state court pursuant to Rhines v. Weber,
8 544 U.S. 269 (2005). See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding "that a
9 district court has the discretion to stay and hold in abeyance fully unexhausted petitions under
10 the circumstances set forth in Rhines."). Under Rhines, "stay and abeyance" is available only in
11 limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the
12 unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally
13 engage in dilatory litigation tactics. 544 U.S. at 277–78.

**II.**

**ORDER**

16     Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why
17 the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY**
18 **(30) days** from the date of service of this order.

19     Petitioner is forewarned that failure to follow this order may result in dismissal of the
20 petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or
21 to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **September 6, 2022**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).