# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ESTRADA,<br><br>          Petitioner,<br><br>     v.<br><br>PHIPHER,<br><br>          Respondent. | Case No. 1:22-cv-01090-EPG-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST TO STAY AND STAYING PROCEEDINGS<br><br>(ECF No. 7) |

Petitioner Jaime Estrada is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In response to the Court's order to show cause, Petitioner asserts that he is excused from the exhaustion requirement, or in the alternative, requests for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). For the reasons stated herein, the undersigned grants Petitioner's request to stay.

## I.

## BACKGROUND

On August 26, 2022, Petitioner filed a petition for writ of habeas corpus, which challenges his 2021 resentencing in the Stanislaus County Superior Court on the grounds that Petitioner's due process rights were violated by the court's failure to advise of Petitioner's appeal rights and ineffective assistance of counsel. (ECF No. 1 at 2, 5–6.)[1] On September 6, 2022, the

---
[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1  Court ordered Petitioner to show cause why the petition should not be dismissed for failure to
2  exhaust state judicial remedies. (ECF No. 6.) On September 19, 2022, Petitioner filed his
3  response, asserting that "[w]aiver of the exhaustion process can be applied here" due to
4  ineffective assistance of counsel. In the alternative, Petitioner moves to stay the instant
5  proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 7 at 2.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

The petition states that Petitioner's claims were not presented to the California Supreme Court because the California Supreme Court "refuse[d] to file the case due to los[s] of jurisdiction." (ECF No. 1 at 7.) Attached to the petition is a copy of a letter from the California Supreme Court, which states:

> We hereby return unfiled your petition for review which we received on June 27, 2022. A check of the Court of Appeal docket shows that a dismissal order was filed on April 14, 2022. This court lost jurisdiction to act on any petition for review June 13, 2022. (See Cal. Rules of Court, rule 8.500(e).) Without this

jurisdiction, this court is unable to consider your request for legal relief.

(ECF No. 1 at 28.) "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 39 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). Thus, presenting a claim to the California Supreme Court in an untimely petition for review does not exhaust a claim. See Regennitter v. CSP-CORCORAN, No. 1:15-cv-00160-LJO-JLT, 2015 WL 2081814, at *3 (E.D. Cal. May 4, 2015) ("[T]he mere act of sending a procedurally defective set of claims to the California Supreme Court does not, for exhaustion purposes, constitute 'fairly presenting' those claims to the state court." (collecting cases)); Davis v. Adams, No. CV10-695-AHM(E), 2010 WL 1408290, at *2 (C.D. Cal. Mar. 3, 2010) ("Because the California Supreme Court rejected Petitioner's Petition for Review for filing as untimely, the present Petition is unexhausted.").

Petitioner argues that "[w]aiver of the exhaustion process can be applied here" due to ineffective assistance of counsel. (ECF No. 7 at 2.) Petitioner states that appellate counsel never informed Petitioner when the state appellate court denied his appeal. Petitioner received a letter from appellate counsel on June 11, 2022, that informed Petitioner he had 31 to 40 days after the appellate court's decision to file a petition for review in the California Supreme Court. When Petitioner received the letter, he only had two days left to file a timely petition for review. (Id. at 1–2.) Although the Court appreciates that Petitioner was unable to file a timely petition for review given appellate counsel's belated communication, the Court does not have the discretion to waive the exhaustion requirement based on these facts. Petitioner has not established that he falls within one of the statutory exceptions to the exhaustion requirement or that his failure to exhaust available state remedies should be excused. See 28 U.S.C. § 2254(b)(1)(B) (A petitioner is excused from the exhaustion requirement if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or

if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993) (Courts "have the discretion to dispense with the [exhaustion] rule 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987))).

Based on the foregoing, the Court finds that Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, and the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

**B. Stay and Abeyance**

In the alternative, Petitioner requests that the Court stay the instant proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while Petitioner exhausts his remedies in state court.[2] (ECF No. 7 at 2.) Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

1. Good Cause

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017)

---

[2] Petitioner states that he currently has a state habeas petition pending in the California Supreme Court, which he has attached to his response. (ECF No. 7 at 2.) However, the attached petition appears to be a state habeas petition addressed to the California Court of Appeal, Fifth Appellate District. (ECF No. 7 at 6.)

[3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

1  (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540

2  F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good

3  cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

4  will." Blake, 745 F.3d at 982. The Ninth Circuit has held that a "statement that 'there was no

5  counsel' in [a petitioner's] state post-conviction case is sufficient to establish good cause" for a

6  Rhines stay. Dixon, 847 F.3d at 721.

7       Here, as set forth in counsel's letter, Petitioner did not have assistance of counsel after the

8  proceedings in the California Court of Appeal concluded. Moreover, in counsel's letter

9  communicating the end of counsel's representation of Petitioner, counsel only informed

10 Petitioner that he had 31 to 40 days after the appellate court's decision to file a petition for

11 review in the California Supreme Court but never informed Petitioner of the date of the appellate

12 court's decision. (ECF No. 7 at 1, 4.) Petitioner has articulated "a reasonable excuse, supported

13 by evidence to justify [his] failure to exhaust," Blake, 745 F.3d at 982, and the Court finds that

14 Petitioner has satisfied Rhines's good cause requirement. See Pace, 544 U.S. at 416 (noting that

15 "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily

16 constitute 'good cause' for him to file in federal court"); Blake, 745 F.3d at 984 & n.7

17 ("leav[ing] for another day whether some lesser showing will suffice to show good cause under

18 Rhines," but noting that Pace "suggests that this standard is, indeed, lesser than the cause

19 standard discussed in Coleman and applied in Martinez" where "'cause' is established when a

20 petitioner's post-conviction counsel is 'ineffective under the standards of Strickland'").

21      2. Potentially Meritorious Unexhausted Claims

22      "A federal habeas petitioner must establish that at least one of his unexhausted claims is

23 not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In

24 determining whether a claim is 'plainly meritless,' principles of comity and federalism demand

25 that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear

26 that the petitioner has no hope of prevailing.'" Dixon, 847 F.3d at 722 (quoting Cassett v.

27 Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

28 ///

Petitioner's petition is fully unexhausted and raises the following claims for relief: (1) the trial court's failure to advise Petitioner of his appeal rights; (2) ineffective assistance of trial counsel for failing to advise Petitioner of his appeal rights; and (3) ineffective assistance of appellate counsel. (ECF No. 1 at 5–6.) It is not perfectly clear Petitioner has no hope of prevailing on his unexhausted claims, and at least one of Petitioner's unexhausted claims appears on its face to not be "plainly meritless." See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) (holding that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing").

3. Conclusion

Here, Petitioner has established "good cause" for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no indication in the record before the Court that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted.[4]

### III.

### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

---

[4] "Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A] motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely," and observing that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome").

Given that granting a stay in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant Petitioner's request to stay.

1. Petitioner's request to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 7) is GRANTED;
2. The proceedings are STAYED pending exhaustion of state remedies;
3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order and every ninety (90) days thereafter; and
4. Within thirty (30) days following the final order of the state courts, Petitioner shall notify the Court that the unexhausted claims have been exhausted and request that the stay be lifted and the case proceed.

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated: **November 7, 2022**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE