UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ESTRADA,<br><br>       Petitioner,<br><br>  v.<br><br>PHIPHER,<br><br>       Respondent. | Case No. 1:22-cv-1090-DC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jamie Estrada, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254, contending that (1) the resentencing court violated his due process rights by failing to advise him of his right to appeal his resentencing; (2) his resentencing counsel was ineffective for failing to advise him of the same; and (3) his appellate resentencing counsel was ineffective for failing to bring up certain issues on appeal. ECF No. 1. Respondents have filed an answer, ECF No. 17, and petitioner has filed a traverse, ECF No. 19. After reviewing the pleadings and state court records, I recommend that the petition be denied.

**Background**

In 1995, petitioner was convicted of second-degree murder and two counts of carjacking, and he was sentenced to 50 years' imprisonment. ECF No. 18-1 at 2; ECF No. 18-12 at 3. In 1998, petitioner tried to escape prison. He was charged with attempted escape using violence and

1

1 two counts of battery with a California Penal Code § 12022.7 enhancement, because the battery
2 happened to a correctional officer and resulted in serious injuries. ECF No. 18-4 at 5-7. He was
3 also set to pay $1,000 in restitution. *Id.* at 9. Petitioner pled guilty to the charged offenses and
4 the enhancements. *Id.*

5       In 2020, the California Department of Corrections and Rehabilitation ("CDCR") informed
6 the trial court that petitioner's sentence for the battery offenses had been calculated improperly
7 and asked that petitioner's sentence be corrected. ECF No. 18-7 at 4. In March 2021, petitioner,
8 represented by counsel, attended a hearing to discuss his resentencing. ECF No. 18-5 at 4.
9 There, petitioner agreed to a stipulated sentence correcting the battery enhancements. *Id.* at 4-5.
10 The resentencing court noted that all fines and fees previously imposed would remain the same,
11 and petitioner stated that he understood his updated sentence. *Id.* at 5.

12       In July 2021, petitioner filed two motions with the Stanislaus Superior Court. First, he
13 filed an informal request to initiate § 1170(d)(1) proceedings. ECF No. 18-3 at 1. Therein, he
14 asked that the court consider new evidence related to his 1995 murder conviction. *Id.* at 1-6.
15 Petitioner also filed a motion to modify his sentence as it related to restitution from his 1995
16 conviction. *Id.* at 8. He contends that he asked his resentencing counsel to move for a
17 modification of his restitution from his 1995 conviction, but counsel failed to do so. *Id.* at 8-12.

18       In August 2021, the Stanislaus Superior Court issued a written order regarding petitioner's
19 two motions. ECF No. 18-2 at 1. As for petitioner's request to initiate § 1170(d)(1) proceedings,
20 the court declined to consider the issue because petitioner failed to attach proof of service on the
21 state and because petitioner had already had this issue considered by the court and other courts.
22 *Id.* To petitioner's request to modify his sentence and restitution, the court denied the request. *Id.*
23 at 1-2. It noted that petitioner agreed to his lessor sentence at resentencing, and that there was no
24 agreement to modify the restitution amount at that time. *Id.* at 2. Thus, it declined to reconsider
25 the issue. *Id.*

26       Petitioner filed a notice of appeal to appeal the order denying his motions. ECF No. 18-4
27 at 38. Then, petitioner, through counsel, filed a motion to construe that prior notice of appeal to
28 also include the March 2021 resentencing order. ECF No. 18-8 at 1. He contended that the

resentencing court and resentencing counsel's failure to advise petitioner of his appellate rights should excuse the late filing of the notice of appeal. *Id.* at 7-12. He also contended that there were potential issues from the resentencing hearing that needed to be reviewed, including the restitution order. *Id.* at 13.

The state opposed petitioner's motion to construe the notice of appeal. ECF No. 18-9. It first argued that the trial court lacked jurisdiction to modify petitioner's restitution because petitioner filed the motion to modify after the deadline had passed, meaning that the denial of petitioner's motion was not appealable. *Id.* at 2. It also argued that petitioner failed to demonstrate that he was entitled to relief under the constructive filing doctrine because petitioner neither pointed to an impediment that stopped him from timely filing an appeal from the March 2021 resentencing, nor presented evidence that he expressed his desire to appeal to his resentencing counsel. *Id.* at 3-4.

The state court of appeal denied petitioner's motion to construe the notice of appeal and dismissed the appeal as it was taken from a non-appealable order. ECF No. 18-11. It noted that where the trial court lacked jurisdiction to modify a sentence, an order denying such request did not affect a party's substantial rights. *Id.*

In February 2022, petitioner filed another state habeas petition, this time challenging his resentencing. In his February 2022 petition, petitioner appears to have argued that the resentencing court violated his due process rights by failing to inform him of his right to appeal and that his resentencing counsel acted ineffectively by also failing to inform him of his right to appeal. ECF No. 18-16 at 56-58.[1] The resentencing court rejected petitioner's arguments. *Id.* at 58.

Petitioner appealed the denial of his state habeas petition, appearing to add an additional issue of whether his resentencing appellate counsel performed ineffectively by failing to file a writ of habeas corpus in conjunction with his direct appeal. ECF No. 18-14 at 5. The state

---

[1] The actual February 2022 habeas petition is not included in the lodging documents filed. *See generally* ECF No. 18. Nevertheless, the state court orders denying the February 2022 petition reference the existence of that petition and the arguments made therein. *See* ECF No. 18-16 at 56-58.

3

appellate court summarily denied petitioner's appeal of the order denying him habeas relief. ECF No. 18-16 at 60. Petitioner then petitioned the California Supreme Court for review, and the court denied the petition without opinion. Now pending is petitioner's § 2254 petition. ECF No. 1.

## Discussion

### I.  Legal Standards

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See Harrington v. Richter*, 562 U.S. 86, 97 (2011). To decide a § 2254 petition, a federal court examines the decision of the last state court to have issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) ("Because, here, neither the court of appeal nor the California Supreme Court issued a reasoned opinion on the merits of this claim, we look to the trial court's decision."); *McCormick v. Adams*, 621 F.3d 970, 975-76 (9th Cir. 2010) (reviewing the decision of the court of appeal, which was last reasoned decision of a state court); *Gill v. Ayers*, 342 F.3d 911, 917 n.5 (9th Cir. 2003) ("Because the California Supreme Court denied review of Gill's habeas petition without comment, we look through the unexplained California Supreme Court decision to the last reasoned decision . . . as the basis for the state court's judgment.") (internal quotations omitted).

Under the AEDPA, a petitioner may obtain relief on federal habeas claims that have been "adjudicated on the merits in state court proceedings" only if the state court's adjudication resulted in a decision (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**II.     Analysis**

    **A.     Due Process**

Petitioner argues that the resentencing court violated his due process rights by failing to advise him of his right to appeal. ECF No. 1 at 10. He contends that the court's failure to inform him of his appellate rights prejudiced him because, by the time he learned of his appellate rights, the window for filing an appeal had closed, and the state appellate court declined to hear his late appeal. *Id.* Petitioner raised this claim in his state habeas proceeding, wherein the state court rejected his claim:

> Petitioner has a duty to plead sufficient facts to justify his claim for relief. *People vs Duvall* (1995) 9 Cal. 4th 464,474. Here, the Petitioner prays for relief that is not justified by the claims alleged in the petition. The Petitioner prays for the following relief at page 13 of the petition:
>
>> "Petitioner prays for relief and for a chance to prove he is deserving of a lesser charge and sentence. This writ should receive an order to show cause and appointment of counsel for there is a prima facie case here for the constitutional violations, and to apply the changes to Penal code section 1170(b)(l)."
>
> The facts stated in the Petition allege only that he was not advised appellate rights following a stipulated reduction in his sentence in case 198532. Petitioner seeks a "chance to prove he is deserving of a lessor charge and sentence". Petitioner is not entitled to the relief sought even if the facts he alleges in the current petition are true. This court notes that Petitioner has filed multiple appeals, claims and writs in this court and others. In particular, review of Stanislaus County Superior Court's file 198532 indicates this court previous considered Petitioner's motion under Penal Code section 1170(d) and denied said motion in a written order dated August 13, 2021. Petitioner unsuccessfully sought review of that order in the Fifth District Court of Appeal (F083278). To the extent that the current petition seeks to re-litigate issues decided previously, the court declines to do so.
>
> It is clear that Petitioner is aware of and has extensively utilized the review process as to each of the cases that make up his current aggregate state prison sentence. Petitioner's prayer for relief in the instant petition is that he be allowed to relitigate issues already raised and decided. He has not alleged sufficient facts to support his claim for relief sought.

ECF No. 18-14 at 57. The state appellate court summarily denied petitioner's appeal of the state court's decision. ECF No. 18-15 at 1.

5

The state court's rejection of petitioner's claim is not contrary to, nor an unreasonable application of, federal law. This court cannot find any Supreme Court precedent, or, for that matter, other authority, that stands for the proposition that the federal Constitution obligates a state superior court denying a petition for resentencing to explicitly inform the petitioner that he has a right to appeal. Because there is no such clear authority, the state court cannot have unreasonable applied clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented . . . 'it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"). Accordingly, petitioner's claim should be denied.

### B.     Ineffective Assistance of Resentencing Counsel

Petitioner also argues that his resentencing counsel performed ineffectively by failing to inform him of his appellate rights and by failing to file a timely notice of appeal. ECF No. 1 at 11-13. He contends that had his resentencing counsel informed him of his right to appeal, he would have been able to timely appeal the resentencing and to argue to the appellate court that he needed a resentencing for his murder charges. *Id.* at 12. Petitioner raised this claim in his state habeas proceeding, and the state court rejected his claim:

> Petitioner now claims that his attorney provided ineffective assistance of counsel because he failed to advise him of his right to appeal the stipulated reduction in his sentence. In order to prevail on a claim of ineffective assistance of counsel Petitioner must show that counsel's performance fell below objectively reasonable standards and but for the unprofessional errors there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington* 466 US 668, 694. Petitioner entered a plea agreement where he agreed to a 5-year consecutive sentence at initial sentencing. The parties stipulated to a lesser sentence years later. Petitioner['s] claims are conclusory and he has not alleged facts that support a finding that his lawyer made unprofessional errors or that his performance resulted in prejudice to Petitioner.

ECF No. 18-14 at 57. The state appellate court summarily denied petitioner's appeal of the state court's decision. ECF No. 18-15 at 1.

A "doubly" deferential standard governs a federal habeas petitioner's claim of ineffective assistance of counsel. *See Richter*, 562 U.S. at 105. On direct appeal, the two-step inquiry from *Strickland v. Washington* guides the analysis for an ineffective-assistance-of-counsel claim. *See*

6

466 U.S. 668, 687 (1984). First, a criminal defendant must show some deficient performance by counsel that is "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show that the deficient performance caused him prejudice, which requires "showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial." *Id.* On habeas review, coupled with § 2254(d)'s fairminded jurist standard, the *Strickland* requirements become even more deferential: the question is "whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105 (emphasis added). That is, if there is even one reasonable argument that counsel did not violate the *Strickland* standard—even if the state court has not identified such argument—the petitioner cannot obtain habeas relief. *See id.* at 106.

Petitioner's ineffective assistance of counsel claim should be denied because he cannot demonstrate that he was prejudiced by counsel's failure. Petitioner makes clear that he wanted to appeal his resentencing on his battery charges so that he could raise issues related to his wholly unrelated murder charges. *See* ECF No. 1 at 12. As the state courts have noted, petitioner has attempted to raise this issue through varying avenues, without success. *See* ECF No. 18-2 at 1; *see also* ECF No. 18-14 at 57. Had petitioner been able to file a timely appeal and re-raise the issues that have already been litigated, there is no indication that he would have been successful; there is no reasonable probability that the outcome of the proceedings would have been different. *See Fields v. Brown*, 503 F.3d 755, 776 (9th Cir. 2007) ("Prejudice exists if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *Strickland*, 466 U.S. at 694)). As such, his ineffective assistance of resentencing counsel claim should be denied.

### C. Ineffective Assistance of Appellate Counsel

Finally, petitioner argues that his appellate counsel performed ineffectively when counsel failed to follow petitioner's instructions regarding which motions to file. ECF No. 1 at 14. According to petitioner, he informed appellate counsel that he needed to file a state habeas corpus petition at the same time appellate counsel filed the motion to construe the notice of appeal, and

that his resentencing appeal was denied was because of this error. *Id.* The state courts summarily denied this claim.

In a situation where the state court gives no reasoned decision, courts must perform an "independent review of the record" to determine whether the state court decision was objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While a federal court cannot analyze exactly what the state court did when it issued the summary denial, a federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. The federal court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 101. Under these circumstances, the petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Id.* at 98.

Petitioner's ineffective assistance of appellate counsel claim should also be denied, since petitioner cannot show that there was no reasonable basis for the state court to deny relief. *See id.* Petitioner contends that his untimely appeal from the resentencing order occurred because appellate counsel did not simultaneously file a state habeas petition, *see* ECF No. 1 at 14, but a review of the record does not support this contention. The state appellate court dismissed the appeal as untimely and mentioned nothing related to the absence of a state habeas petition. *See* ECF 8-11. In the state's opposition to petitioner's appeal, the state did not argue that petitioner's appeal should be dismissed because of his failure to file a state habeas petition. *See* ECF No. 18-9. As such, there is a reasonable basis for the state courts to have summarily denied this claim, *see Richter*, 562 U.S. at 98, and petitioner is not entitled to relief.

Accordingly, it is hereby RECOMMENDED that:

1. The petition, ECF No. 1, be DENIED;

2. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

8

3. The Clerk of Court be directed to close this case and to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE